Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
20827 North Cave Creek Road, Suite 101
Phoenix, AZ  85024

Telephone:  (602) 482-4300
Facsimile:   (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Sandra Houston*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Houston,<br><br>          Plaintiff,<br><br>     v.<br><br>The Prudential Insurance Company of America; Dynegy, Inc.; Dynegy, Inc. Employee Disability Plan,<br><br>          Defendants. | Case No.<br><br>**COMPLAINT** |

   Now comes the Plaintiff Sandra Houston (hereinafter referred to as "Plaintiff"), by and through her attorney, Scott E. Davis, and complaining against the Defendants, she states:

*Jurisdiction*

   1.   Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits.  In addition, this action may be brought before this Court pursuant to 28

U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

*Parties*

2. Plaintiff is a resident of Maricopa County, Arizona.

3. Upon information and belief, Defendant Dynegy, Inc. (hereinafter referred to as the "Company") sponsored, subscribed to and administered a group disability insurance policy which was fully insured and administered by the Prudential Insurance Company of America (hereinafter referred to as "Prudential"). The specific Prudential policy is known as Group Policy 42151. The Company's purpose in purchasing the Prudential policy was to provide disability insurance for its employees. Upon information and belief, the Prudential policy may have been included in and part of the Dynegy, Inc. Employee Disability Plan (hereinafter referred to as the "Plan") which may have been created to provide Company's employees with welfare benefits. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

4. Upon information and belief, the Company or Plan may have delegated responsibility for the plan and/or claim administration of the policy to Prudential. Plaintiff believes that as it relates to her claim, Prudential functioned in a fiduciary capacity as the Plan and/or Claim Administrator.

5. Upon information and belief, Plaintiff believes Prudential operated under a conflict of interest in evaluating her claim due to the fact it operated in dual roles as the decision maker with regard to whether Plaintiff was disabled as well as the payor of benefits; *to wit,* Prudential's conflict existed in that if it found Plaintiff was disabled it was also liable for payment of those benefits.

*Venue*

6. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391. The Company, Plan and Prudential conduct business within Maricopa County and all events giving rise to this Complaint occurred within Maricopa County.

*Nature of the Complaint*

7. Incident to her employment, Plaintiff was a covered employee pursuant to the Plan and the relevant policy and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits from the Plan and the relevant policy pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B) as well as any other employee benefits she may be entitled to as a result of being found disabled.

8. After working for the Company as a loyal employee, Plaintiff became disabled due to serious medical conditions and was unable to work in her designated occupation as a Senior Accounting Analyst on or about September 15, 2009. Plaintiff has remained disabled as that term is defined in the relevant policy continuously since that date and has not been able to return to any occupation as a result of her serious medical conditions.

9. Following her disability, Plaintiff applied for long term disability benefits under the relevant Prudential policy.

10. The relevant long term disability policy provides, upon information and belief, the following definition of a covered disability which applies to Plaintiff's claim:

You are disabled when Prudential determines that:

- You are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and

- You have a 20% or more loss in your indexed monthly earnings due to that sickness or injury.

After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of

any gainful occupation for which you are reasonably fitted by education, training or experience.

11. In support of her claim for long term disability benefits, Plaintiff submitted medical records to Prudential from her treating physicians which supported her allegation she met the relevant definition of disability in the policy.

12. In support of Plaintiff's long term disability claim, Prudential was provided with an August 27, 2009 medical record from one of her treating physicians stating Plaintiff "should not be working at the present time…" Plaintiff also submitted an Attending Physician's Statement dated October 13, 2009 prepared by one of her treating physicians stating she was unable to engage in even sedentary work of any kind and no return to work date can be determined.

13. During the review of Plaintiff's long term disability claim, Prudential referred Plaintiff's claim to one of its own employees, Denise E. Chase, RN, BSN, for a medical records review. Plaintiff questions the credentials, independence, impartiality and bias of Prudential's own employee in reviewing her claim and/or in rendering opinions regarding the job duties she is able to perform. Plaintiff believes Prudential's employee's opinion is adversarial to her claim due to her conflict of interest as a result of being Prudential's employee. Plaintiff believes Prudential's financial conflict of interest was a motivating factor in why it referred Plaintiff's claim to its own employee for review.

14. Prudential and Nurse Chase's conflicts of interest are evident in Nurse Chase's November 10, 2009 report. Nurse Chase did not examine Plaintiff and her opinion that Plaintiff was not disabled from her own occupation is contrary to the express findings of Plaintiff's treating physicians and was based entirely on a selective review of the evidence which actually supports Plaintiff's claim. Nurse Chase's review of Plaintiff's medical records was flawed because it was selective and de-emphasized evidence Plaintiff

-4-

1 submitted which proved she was disabled in order to provide a reason for Prudential to
2 justify a denial of her claim.

3      15. Prudential notified Plaintiff in a letter dated November 18, 2009, it had denied
4 her claim for long term disability benefits, erroneously determining Plaintiff failed to
5 provide sufficient evidence to support her serious medical conditions. Prudential's
6 November 18, 2009 denial letter failed to provide Plaintiff with a full and fair review
7 pursuant to ERISA because it completely failed to reference, consider, and/or selectively
8 reviewed and de-emphasized most, if not all, Plaintiff's evidence.

9      16. In denying Plaintiff's claim for long term disability benefits, Prudential's
10 November 18, 2009 letter relied on an unidentified medical consultant. Upon information
11 and belief, the unidentified medical consultant may be Prudential's employee. Plaintiff
12 incorporates by reference her objections to Prudential's reliance on its own employees to
13 evaluate Plaintiff's claim, as discussed herein above with regard to Nurse Chase.

14      17. Pursuant to 29 U.S.C. §1133, Plaintiff timely appealed the November 18,
15 2009 denial of her claim for long term disability benefits by letter dated December 2, 2009.
16 In support of her appeal, Plaintiff submitted additional medical information which
17 demonstrated she was unable to engage not only in her own occupation, but any occupation,
18 as set forth in the relevant Prudential long term disability policy.

19      18. On appeal, Plaintiff submitted a November 23, 2009 medical record from one
20 of her treating physicians stating Plaintiff "is totally incapacitated from working." Plaintiff
21 also submitted a December 2, 2009 Attending Physician's Statement from another treating
22 physician stating Plaintiff was unable to work at this time and it is unknown when she will
23 be able to do so.

19. As part of its review of Plaintiff's claim, Prudential referred Plaintiff's claim to MES Solutions ("MES"), a third party vendor, in order to obtain a medical review by an alleged independent physician.

20. Upon information and belief, MES declares on its website [1] to be in the business of providing claim review services to the disability insurance industry and is the nation's "largest" and "most experienced" claim review service provider available:

> National Leader in Independent Evaluation Services.
>
> Largest and most experienced independent medical evaluation and peer review company in the nation.

21. Upon information and belief, due to its extensive business relationship with the disability insurance industry and possibly Prudential, Plaintiff believes the involvement of MES in the review of her claim presents a conflict of interest and is a reason her claim was denied and why she did not receive a full and fair review pursuant to ERISA, 29 U.S.C. § 2560.503-1. Due to the nature of MES' relationship with the disability insurance industry and Prudential's reliance on MES, Plaintiff questions the objectivity and impartiality of Prudential, MES and any individual retained by Prudential and/or MES to review her claim and provide a full and fair review.

22. MES and Prudential's conflicts of interest are evident in the January 7, 2010 and March 1, 2010 Peer Review Reports authored by MES contractor Bruce R. LeForce, M.D., who was retained to provide an alleged independent peer review of Plaintiff's claim.

23. Upon information and belief, based on a cursory review of the LEXIS legal database, [2] Plaintiff believes Dr. LeForce may be a long time consultant for the disability

---

[1] *See* www.mesgroup.com

[2] *See Rodriquez v. Liberty Life Assur. Co.*, 2006 U.S. Dist. LEXIS 80514 (M.D. Fla.); and, *Warming v. Hartford Life & Accident Ins. Co.*, 603 F. Supp. 2d 10 (D. MA.).

insurance industry, including companies such as MES and other similar insurance industry related entities and therefore, she believes Dr. LeForce's review of her claim is a conflict of interest and a reason her claim was denied and she did not receive a full and fair review pursuant to ERISA, 29 U.S.C. § 2560.503-1.

24.   Upon information and belief, Dr. LeForce was not medically qualified to fully and fairly evaluate all of Plaintiff's serious medical conditions.  In evaluating Plaintiff's claim on appeal, Prudential had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in her best interests and other participants" and it afforded her an unlawful review by failing to do so. [3]

25.   Plaintiff believes it was unreasonable and evidence of Prudential's conflict of interests for Plaintiff's claim to be referred to a physician who did not have the medical training, knowledge or experience to fully and fairly evaluate Plaintiff's disabilities.  A reasonable un-conflicted fiduciary making a good faith effort to afford a full and fair review would have retained physicians with relevant medical expertise to review Plaintiff's claim on appeal.  "ERISA imposes higher-than-marketplace quality standards on insurers" [4] and Prudential's referral of Plaintiff's claim on appeal to Dr. LeForce falls well below the

---

[3] ERISA sets a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan.  *See* 29 U.S.C. § 1104(a)(1). ERISA simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials." *See Firestone*, 489 U.S. at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting 29 U.S.C. § 1133(2)). ERISA also supplements marketplace and regulatory controls with judicial review of individual claim denials. *See* 29 U.S.C. § 1132(a)(1)(B); and, *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (2008).

[4] *Id.*

1  market place standards set forth in *Glenn* and therefore, Prudential denied Plaintiff of a full and fair review.

26.  In his January 7, 2010 report, Dr. LeForce did not examine Plaintiff and his opinion that Plaintiff is not and has never been disabled from her own occupation as of September 14, 2009, is contrary to the express findings of Plaintiff's treating physicians and was based entirely on a selective review of the evidence which actually supports Plaintiff's claim.  Dr. LeForce's review of Plaintiff's medical records was flawed because it was selective and de-emphasized evidence Plaintiff submitted which proved she was disabled in order to provide a reason for Prudential to justify a denial of her claim.

27.  In addition, during the review of Plaintiff's long term disability claim, Prudential again referred Plaintiff's claim to one of its own employees who appears to be named, Josephine M, Psych Clinician, for a medical records review.  Plaintiff incorporates by reference her objections to Prudential's reliance on its own employees to evaluate Plaintiff's claim, as discussed herein above with regard to Nurse Chase and its unidentified medical consultant.

28.  Prudential and its psychological clinician, Josephine M's, conflicts of interest are evident in her January 14, 2010 report.  Josephine M did not examine Plaintiff and her opinion that Plaintiff was not disabled from her own occupation is contrary to the express findings of Plaintiff's treating physicians and was based entirely on a selective review of the evidence which actually supports Plaintiff's claim. Josephine M's review of Plaintiff's medical records was flawed because it was selective and de-emphasized evidence Plaintiff submitted which proved she was disabled in order to provide a reason for Prudential to justify a denial of her claim.

29.  In further support of her claim for long term disability benefits, Plaintiff submitted to Prudential a February 1, 2010 Attending Physician Statement prepared by one

1  of her treating physicians. The physician stated that Plaintiff was unable to perform any job
2  that required her to use "any degree of focusing or concentration." The physician also
3  stated that Plaintiff's prognosis for returning to work was "poor." Plaintiff also submitted to
4  Prudential a February 3, 2010 Attending Physician Statement prepared by another one of
5  her treating physicians who agreed with the aforementioned February 1, 2010 Attending
6  Physician Statement and who noted Plaintiff was unable to work and stated the prognosis
7  for Plaintiff to return to work was "poor."

8        30.    Dr. LeForce prepared a supplemental Peer Review Report dated March 1,
9  2010, and again he erroneously concluded Plaintiff's medical records do not support her
10 inability to work full time in her own occupation. Plaintiff believes Dr. LeForce's March 1,
11 2010 report is flawed for the same reasons set forth herein with regard to his January 7,
12 2010 report which is incorporated herein by reference.

13       31.    Prudential notified Plaintiff in a letter dated March 11, 2010, it was upholding
14 the denial of her claim for long term disability benefits because it erroneously found
15 Plaintiff failed to demonstrate she was disabled as defined by the relevant policy.
16 Prudential's denial again failed to provide Plaintiff with a full and fair review by failing to
17 properly investigate her claim in violation of ERISA, specifically 29 C.F.R. § 2560.503-
18 1(h) because it again completely failed to reference, consider and/or selectively reviewed
19 most if not all of her evidence which adequately documented continued support of the fact
20 her medical conditions had not improved and she continued to meet the definition of
21 disability.

22       32.    Prudential denied Plaintiff a lawful, full and fair review pursuant to ERISA
23 for various reasons including but not limited to, failing to consider all evidence submitted by
24 Plaintiff or de-emphasizing the medical evidence supporting Plaintiff's disability,
25 disregarding Plaintiff's self-reported symptoms, failing to consider all the limitations set
26

forth in her medical evidence, failing to obtain a peer review evaluation from a disinterested, qualified physician, failing to evaluate the combination of all of Plaintiff's serious medical conditions and failing to request for Plaintiff to undergo an independent medical examination as allowed in the policy.

33. Prudential has notified Plaintiff she has exhausted her mandatory administrative appeals.

34. In evaluating Plaintiff's claim on appeal, Prudential had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in her best interests and other participants,"[5] which it failed to do.

35. Plaintiff believes the reason Prudential provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to its conflict of interest and this conflict is a reason her disability claim was denied.

36. Plaintiff is entitled to discovery regarding the aforementioned conflicts of interest of Prudential and any individual, including Dr. LeForce, Nurse Chase and Josephine M who reviewed her claim and the Court may properly weigh and consider evidence regarding the nature, extent and effect of *any* conflict of interest which may have impacted or influenced Prudential's decision to deny her claim.

37. With regard to whether Plaintiff meets the definition of disability set forth in the policy, the Court should review the evidence in Plaintiff's claim *de novo* because the unlawful violations of ERISA committed by Prudential as referenced herein are flagrant.

38. As a direct result of Prudential's decision to deny Plaintiff's disability claim she has been injured and suffered damages in the form of lost disability benefits in addition

---

[5] *See* Footnote 4, *supra*.

1  to other potential employee benefits she may have been entitled to receive through or from
2  the Plan and/or Company as a result of being found disabled.

3        39.    The evidence supports a finding that Plaintiff meets the "own" and "any" occupation definitions of disability in the policy. Therefore, Plaintiff is entitled to benefits pursuant to both definitions of disability even though Defendants did not make a determination on whether she met the "any" occupation definition of disability. As a result of Defendants' decision that she did not meet the less restrictive "own" occupation definition of disability, it is or was administratively futile for Plaintiff to have sought a determination from Defendants with regard to whether she met the definition of disability for "any occupation" benefits before she received a final administrative denial in her claim.

      40.    Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

      41.    Plaintiff is entitled to prejudgment interest at the rate of 10% per annum pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for losses she incurred as a result of Defendants' nonpayment of benefits.

WHEREFORE, Plaintiff prays for judgment as follows:

A.    For an Order requiring Defendants to pay Plaintiff disability benefits pursuant to the "own" and "any" occupation definitions of disability as a result of her meeting both definitions of disability in the policy from the date she was first denied these benefits through the date of judgment and prejudgment interest thereon as well as any other employee benefits she may be entitled to from the Plan and/or Company as a result of being found disabled;

B.    For an order directing Defendants to continue paying Plaintiff the aforementioned benefits until such time as she meets the Plan or policy conditions for termination of benefits;

1     C.    For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

    D.    For such other and further relief as the Court deems just and proper.

DATED this 2nd day of July, 2010.

SCOTT E. DAVIS. P.C.

By:   */s/ Scott E. Davis*
       Scott E. Davis
       Attorney for Plaintiff